MEMORANDUM *
The district court granted summary judgment in favor of American Economy Insurance Company (“American Economy”) on Ayotte’s claims for advance medical payments under Ridley v. Guaranty National Insurance Co., 286 Mont. 325, 951 P.2d 987 (1997) and common law bad faith. Ridley holds that under a Montana *658 statute, a liability insurer may not defer payment of an injured third party’s medical expenses until final settlement, if liability is “reasonably clear,” and it is “reasonably clear that the expense is causally related to the accident in question.” Id. at 992. The district court ruled against Ay-otte’s entitlement to these payments because the liability of American Economy’s insured was not “reasonably clear.” For the same reason, the court ruled that American Economy did not commit common law bad faith by not making the payments.
Though Ayotte appealed, the appeal was never adjudicated. While the appeal was pending, American Economy’s insured confessed judgment for an amount in excess of what American Economy claims is the policy limit. Ayotte then moved to dismiss his appeal as moot and to vacate the summary judgment.
In a separate action, Ayotte is now suing American Economy on various theories of bad faith. He seeks vacatur of the district court’s decision that the liability of American Economy for the interim medical payments was not “reasonably clear,” because of the possible collateral estoppel or other adverse impact that determination may have upon his pending bad faith claims.
We dismissed Ayotte’s appeal as moot and remanded to the district court to determine whether vacatur should be granted. The district court denied vacatur and Ayotte appeals.
A district court’s decision to deny vaca-tur is reviewed for abuse of discretion. Nat’l Union Fire Ins. Co. v. Seafirst Corp., 891 F.2d 762, 765 (9th Cir.1989). We treat the district court’s application of an erroneous legal standard as an abuse of discretion. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir.2000).
When this case came before us on the interim medical payments issue, we remanded the case to the district court to determine whether vacatur should be granted, citing U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) and Allard v. DeLorean, 884 F.2d 464, 467 (9th Cir.1989). Bonner Mall addresses whether a court of appeals may vacate a district court judgment that was mooted by settlement as opposed to “happenstance.” Bonner Mall, 513 U.S. at 25, 115 S.Ct. 386. The Supreme Court held that “mootness by reason of settlement does not justify vacatur of a judgment under review” absent “exceptional circumstances.” Id. at 29, 115 S.Ct. 386. But the Court explained that “a court of appeals presented with a request for vacatur of a district court judgment may remand the case” “even in the absence of, or before considering the existence of, extraordinary circumstances.” Id. We considered this language in American Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1167-69 (9th Cir.1998), and held that the Bonner Mall rule requiring “exceptional circumstances” for vacatur applies only to appellate courts.
Accordingly, American Games holds that Bonner Mall did not overrule this court’s “established procedure” of remanding a vacatur request so that the district court can apply an “equitable balancing test.” Id. at 1168. American Games sets out various considerations that a district court should consider. The considerations include, but are not limited to, “the consequences and attendant hardships of dismissal or refusal to dismiss,” the “competing values of finality of judgment and right to relitigation of unreviewed disputes,” the “motives of the party whose voluntary action mooted the case,” and the public policy against allowing a losing party to “buy *659 an eraser for the public record.” Id. at 1168,1170.
Our remand order followed our “established procedure” as described in American Games. It cited the language in Bonner Mall allowing a court of appeals to remand for the district court to consider whether vacatur is appropriate. It also cited Allard, 884 F.2d at 467, where we remanded an appeal mooted by the appellant’s settlement with a third party so that the district court could determine whether to vacate its decision after considering the same equitable factors discussed in American Games.
The district court, however, appears to have applied the Bonner Mall standard and denied vacatur because the mootness did not occur by “happenstance.” We cannot tell for sure, because the district court did not make the reasoning for rejecting Ayotte’s equitable claims clear on the record. See Traxler v. Multnomah Cnty., 596 F.3d 1007, 1016 (9th Cir.2010).
American Economy conceded at oral argument and in its brief that the district court used the Bonner Mall standard. American Economy argues that our remand order applied Bonner Mall and directed the district court to do so as well. Our remand order did indeed use the Bonner Mall standard, because that standard applies to appellate courts. The order cites Bonner Mall to explain why we remanded the ease, not to prescribe a standard for the district court to use. The district court must apply the American Games standard.
Accordingly, we VACATE and REMAND for the district court to determine whether vacatur is appropriate under the standard set forth in American Games. We do not intimate a view as to whether vacatur is appropriate in this case. Appel-lee shall bear the costs of this appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.